## COMMONWEALTH *vs.* TIMOTHY HOWE.

Notice to one charged with larceny, by his employer, that he would be discharged, unless he settled for the stolen property with the owner, but that, if he would settle, he should be kept at work, and a promise by the employer to say nothing about it to hurt him, if he would settle, do not render confessions subsequently made, in the same conversation, incompetent.

In an indictment for larceny, if a confession by the defendant is introduced, tending to prove that, soon after the larceny was committed, he was in possession of a part of the stolen property, and gave the same to his mother, it is competent for him to prove in defence that his mother never had the property in question from him.

INDICTMENT for larceny of money and a gold watch in a dwelling house.

At the trial in the superior court, there was evidence tending to prove the following facts : The defendant was a journeyman slater, in the service of Thomas Pinnock, who was the only master slater in Salem, and, shortly after the commission of the offence alleged in the indictment, he was discharged, Pinnock telling him that he was just as well satisfied that he stole the

property as if he had seen him take it. The defendant subsequently professed a strong desire to be again employed by Pinnock, and Mrs. Pinnock told him that, if he would settle for the articles stolen, she would talk with her husband about taking him back; and, on the following Tuesday morning, he appeared at the place where Pinnock was accustomed to start to go to his work, and asked if he should go to work, and, others being present, Pinnock replied, " Yes, if you have done as you agreed," to which the defendant made no answer, but went to work, Pinnock thinking from his silence that he had made the settlement. Shortly afterwards, however, Pinnock discovered that he had not made the settlement, and told him that he could not keep him in his employment, because he had not settled as he had agreed. The defendant complained that it was hard to be out of work, with a wife and child to support, and Pinnock told him that he would keep him at work, if he would settle with Mrs. Abbott, the owner of the articles stolen. The defendant inquired how she would settle. Pinnock replied that he thought she would forgive the money, if the watch and canary birds (said to have been stolen, though not alleged in the indictment,) were returned. Howe said, he could not return the watch. Pinnock asked, why not. Howe said, because he had not got it. Pinnock inquired where it was. At this point, the counsel for the defendant objected to declarations in the nature of a confession, but, upon further examination in order to see if any inducement or motive of fear or favor was held out to the defendant, nothing appeared to change the state of facts already appearing, and *Lord*, J. ruled that the evidence was admissible; and it was testified that Howe replied, that the watch was in Cambridge, that he could not get it, that his mother had it, and would not give it up. Pinnock said to him, that she would, if she knew what a scrape he was in. The defendant answered, " You don't know my mother as well as I do; when she gets anything, she holds on to it." He further said that he ought not to give it all back, for he didn't have it all. Pinnock asked, who else had anything to do with it. Howe said, a woman named Turner; and then said, " I will tell you all about it, and how it happened,

if you will promise to say nothing about it to hurt me." Pinnock replied that he would say nothing to hurt him, if he would settle with Mrs. Abbott. The defendant's counsel then objected that anything said after this conversation was not voluntary, but the judge admitted the evidence; and it was testified that Howe said that he went down soon after Mrs. Abbott went out, and went into the room, and Mrs. Turner held the baby and watched while he went in. Pinnock then asked how he got into the bureau drawers, and the defendant replied that he had been in before and fitted keys.

The defendant occupied chambers in the house, the lower part of which was occupied by Mrs. Abbott.

The government also introduced evidence of an admission by the defendant that he was at Cambridge on the day after the commission of the larceny.

The defendant's mother was called as a witness in defence, and asked if at any time she received or had a gold watch from her son. This question was objected to, and the judge inquired if the evidence was offered to contradict Pinnock: and the defendant's counsel replied that it was not, but that it was offered to prove the independent fact that Mrs. Howe never had the watch in question from her son. The judge rejected the evidence.

The defendant was found guilty, and alleged exceptions.

*J. C. Perkins*, for the defendant, cited, as to the admissibility of the defendant's confessions, *The State* v. *Phelps*, 11 Verm. 116; Roscoe's Crim. Ev. (2d ed ) 39, 40; and, as to the evidence of Mrs. Howe, Roscoe's Crim. Ev. (2d ed.) 53; 1 Greenl. Ev. § 209; Stark. Ev. (4th Amer. ed.) 73, 74, 718–720; *Carland* v. *Day*, 4 E. D. Smith, 251.

*Foster*, A. G., for the Commonwealth, cited, on the first point, *Commonwealth* v. *Morey*, 1 Gray, 461; *Commonwealth* v. *Tuckerman*, 10 Gray; and, on the second point, *Commonwealth* v *Parker*, 2 Cush. 226; *Edgerton* v. *Wolf*, 6 Gray, 453.

HOAR, J. It is true, the fact that the defendant's mother did not receive the stolen watch from her son had no tendency to prove that he did not tell the government's witness that he gave

it to her. *Commonwealth* v. *Parker*, 2 Cush. 226. *Collins* v. *Stephenson*, 8 Gray, 438. For the purpose of contradicting the witness, therefore, the testimony to this fact was rightly excluded. But we think the confession of the defendant, which was put in evidence, tended to prove the fact of the commission of the larceny by him. It would have been a material fact for the prosecution to show that, soon after the larceny was committed, the defendant was in possession of the stolen property, and gave it to his mother. The other evidence in the case might make this particular piece of proof of little consequence, but it would still be material. Evidence is material, not only when it is essential as a part of the case, but when it has any legal tendency to prove the fact in issue. The witness testified that the defendant said that the watch was in Cambridge; that he could not get it, because his mother had it, and would not give it up. We think the jury might infer from this statement that the defendant had had the watch, and had given it to his mother. In connection with the proof that he had access to the premises where the larceny was committed, and that he had been at Cambridge, the circumstance that the watch was at Cambridge soon after, and with his knowledge, would certainly have been competent for their consideration, if proved by other means than by his confession. His confession was one legal method of proving it; and his right to disprove it could not be taken away, because other admissions by him made this particular statement of very little consequence.

The other rulings at the trial to which exceptions were taken seem to us entirely correct; but the testimony of the defendant's mother ought to have been admitted.

*Exceptions sustained.*